UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JONATHAN VILMA                                    CIVIL ACTION

VERSUS                                            NO. 12-1283 c/w 12-1718
                                                  c/w 12-1744
                                                  Relates to No. 12-1283

ROGER GOODELL                                     SECTION "C" (3)

ORDER

Before the Court is defendant Roger Goodell's Motion to Enforce Stay of Discovery [Doc. #129]. For the following reasons, the motion is granted in part.

I.   Background

On May 17, 2012, plaintiff Jonathan Vilma sued defendant Goodell to recover damages for allegedly defamatory statements made by Goodell, Commissioner of the National Football League ("NFL"). The complaint alleges as follows. Goodell made public statements – outside of the NFL-National Football League Players Association Collective Bargaining Agreement ("CBA") – process in which he accused Vilma of efforts to injure opposing players. Vilma alleges that the statements were false, defamatory and injurious to his professional and personal reputation.

Goodell moved to dismiss Vilma's Complaint on July 5, 2012. In his motion to dismiss before the District Court, Goodell seeks dismissal of Vilma's state-law claims as preempted under Section 301 of the Labor Management Relations Act ("LMRA"); dismissal of Vilma's state-law

claims for failure to abide by the exclusive and binding dispute resolution procedures in the NFL-NFLPA Collective Bargaining Agreement ("CBA"); and dismissal of Vilma's state-law claims for failure to meet the pleading requirements under the federal rules of civil procedure under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and its progeny. Alternatively, Goodell invoked the anti-SLAPP procedures of Louisiana Code of Civil Procedure article 971, expressly including that statute's automatic stay of discovery pending resolution of the motion. *See* La. Code Civ. Proc. art. 971(D). The District Court heard arguments on the Motion to Dismiss on August 10, 2012.

On September 7, 2012, an arbitration Appeals Panel constituted under the CBA vacated the NFL's suspensions of Vilma and the three other players Goodell accused of wrongdoing. On September 11, and 13, 2012, Vilma then served the following discovery demands:

- Notice of Deposition, noticing Goodell's deposition for October 23, 2012;
- Demand for Documents, demanding Goodell produce certain documents by October 11, 2012;
- Plaintiff's First Set of Interrogatories, demanding Goodell respond by October 11, 2012;
- Subpoena to Produce Documents, demanding Joe Hummel produce certain documents by September 27, 2012;
- Subpoena to Testify, requiring Hummel to attend a deposition on October 16, 2012;
- Subpoena to Produce Documents, demanding Gregg Williams produce certain documents by September 28, 2012;
- Subpoena to Testify, requiring Williams to attend a deposition on October 15, 2012;
- Subpoena to Produce Documents, demanding Mike Cerullo produce certain documents by September 26, 2012; and
- Subpoena to Testify, requiring Cerullo to attend a deposition on October 9, 2012.

Goodell objected to the discovery demands by letter dated September 21, 2012. Vilma responded to Goodell's objections on September 22, 2012.

## II.     Law and Analysis

The United States Court of Appeals for the Fifth Circuit has recognized that Louisiana law, including the nominally-procedural Louisiana Code of Civil Procedure article 971, governs this

diversity case. *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 169-70 (5th Cir. 2009) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). The portion of Article 971 relevant to the issue here provides as follows:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.
>
> *All discovery proceedings* in the action *shall be stayed upon the filing of a notice of motion made pursuant to this Article*. The stay of discovery *shall remain in effect until notice of entry of the order ruling on the motion*. Notwithstanding the provisions of this Paragraph, the court, on noticed motion and for good cause shown, may order that specified discovery be conducted.

La. Code Civ. Proc. art. 971(A)(1) & (D) (emphasis added). Once a defendant files an Article 971 motion, the trial court stays all discovery except that which the court, "on noticed motion and for good cause," orders to be conducted. *Id.* art. 971(D). In other words, *once* a motion is *filed*, discovery is stayed, unless this Court orders otherwise.

Vilma first argues that the District Court already issued an "order ruling on the motion" when, on September 7, 2012, it issued an order in which it held that it would "take no action on pending matters at this time" after the Arbitration Panel vacated the suspensions of Vilma and the other three players. [Doc. #125]. The District Court's order did not address this motion, however, which had yet to be filed. In addition, circumstances have since changed. Goodell has filed this motion, on which a ruling under Article 971 is necessary. He has also since re-issued the suspensions of the four players, albeit slightly altered suspensions for some. The Court finds this argument to be without merit.

Further, at a status conference on the motion, and in his supplemental memorandum to the

3

Court, Vilma also argues that the Court has no jurisdiction to rule on the subpoenas. The Eastern District of Missouri and the Southern District of New York issued the subpoenas to Williams; the District of New Jersey and the Southern District of New York issued those to Cerullo; and the Southern District of New York issued those to Hummel. As this Court has noted before, it recognizes the general rule that only the issuing court may modify or quash a subpoena. *See, e.g., In re Clients & Former Clients of Baron & Bud, P.C.*, 478 F.3d 670,671-72 (5th Cir. 2007) (recognizing the general rule that the issuing court has the authority to modify or quash a subpoena but also recognizing that certain federal statutes modify the general rule) (citing 9 James W. Moore et al., Moore's Federal Practice § 45.50[4], at 45-75 through 45-77 (Matthew Bender 3d ed. 2006)).

The Court finds that Vilma's position is correct, up to a point. Federal Rule of Civil Procedure 45(c) clearly directs the district court that issued the subpoena to rule on motions to quash or modify it. However, that rule does not alter the broader concept that the district court in which an action is pending has the right and responsibility to control the broad outline of discovery. *Fincher v. Keller Indus., Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990). A party's "discovery rights [in other districts] can rise no higher than their level in the district of trial." *Id.* Consequently, a party may seek a Rule 26(c) protective order to preclude another party from obtaining discovery from a non-party via a subpoena issued by another court.[1] *See Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001) (recognizing that the authority of the

---

[1] The Court recognizes that Goodell has filed a motion to stay discovery under Article 971, but Goodell has also asked that the Court to stay discovery until the parties have conducted a Rule 26(f) scheduling conference, and the District Court has issued a scheduling order under Rule 26(d). Because Goodell essentially asks that discovery not be had until that time, the Court construes his motion as one that seeks a protective order. *Cf. Tribula v. SPX Corp.*, Civ. A. No. 08-CV-13300, 2009 WL 87269 (E.D. Mich. Jan. 12, 2009) (noting that a court may deem a motion to quash as a motion for protective order).

court in the district in which an action is pending to control discovery is not altered by Rule 45(c)); *see also Joseph v. LineHaul Logistics, Inc.*, No. CV 11-114, 2012 WL 3779202 (D. Mont. Aug. 31, 2012) (granting motion for protective order even though the Southern District of Texas issued subpoena to non-party); *Guerriero v. Am. Nat'l Prop. & Cas. Co.*, Civ. A. No. 09-1846, 2010 WL 3896417 (W.D. La. Sept. 30, 2010) (recognizing that the court may entertain a motion for protective order that authorizes the court to place reasonable limits on the discovery process even when the Middle District of Louisiana issued the subpoena); *Straily v. UBS Fin. Servs., Inc.*, Civ. A. No. 07-cv-00884, 2008 WL 5378148 (D. Colo. Dec. 23, 2008) ("It is beyond cavil, however, that the broad outlines of discovery in a civil case are controlled by the court where the case is filed."; granting motion for protective order for subpoena issued by Southern District of New York).  Accordingly, the Court rejects the argument that it may not entertain a broad motion to stay discovery in this matter even after other district courts have issued subpoenas to non-parties.

However, the Court finds it prudent to order an *in camera* review of certain documents in Goodell's possession and to temporarily stay discovery here.  From the limited documents that this Court has reviewed at the numerous conferences with the parties in this matter, the Court can not determine whether it should order a full-scale blanket ban on discovery until the resolution of the motions to dismiss *or* if there is good cause for discovery to proceed despite the anti-SLAPP article until after an *in camera* review of the documents.  Accordingly, the Court orders Goodell to produce for *in camera* inspection the following specific documents:  (1) Relevant documents reviewed by NFL Security in connection with the investigation into the Saints alleged Bounty program;  (2) reports, including reports of interviews with witnesses, prepared by NFL Security in connection with the investigation into the Saints alleged Bounty program;  and (3) any statement or affidavit obtained

5

in connection with the investigation; (4) documents regarding the discipline of Club personnel, including any appeals.

This Order reserves all rights to the parties to object to the production of any documents should this Court order such production.

## III.     Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Motion to Enforce Stay of Discovery [Doc. #129] is GRANTED IN PART, and all discovery is temporarily STAYED in this matter pending this Court's *in camera* review of the requested documents.

New Orleans, Louisiana, this 16th day of October, 2012.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**