UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JONATHAN VILMA                                    CIVIL ACTION

VERSUS                                            NO. 12-1283

ROGER GOODELL                                     SECTION "C"(3)


ORDER AND REASONS

This matter comes before the Court on a motion to dismiss pursuant to Rule 12(b)(6), or, alternatively, to strike pursuant to the Louisiana Anti-SLAPP statute, La. C.C. P. art. 971, filed by the defendant, Roger Goodell ("Goodell"). Having considered the record, the memoranda of counsel, and the law, the Court has determined that dismissal is appropriate for the following reasons.

The plaintiff, Jonathan Vilma ("Vilma"), filed this suit in diversity setting forth eleven claims against Goodell in his Complaint: (1) slander per se - injury to professional reputation; (2) slander per se - injury to personal reputation; (3) slander per se - accusations of criminal conduct; (4) slander by implication; (5) slander - reckless disregard/malice; (6) libel per se - injury to professional reputation; (7) libel per se - injury to personal reputation; (8) libel per se - accusations of criminal conduct; (9) libel by

implication; (10) libel - reckless disregard/malice; and (11) intentional infliction of emotional distress. Rec. Doc. 1.

In his Complaint, Vilma identifies six statements made by Goodell as Commissioner of the National Football League ("NFL") that were slanderous or libelous and caused him extreme emotional distress:

(1) statements in the March 2, 2012, NFL press release alleging that Saints executives, coaches, and defensive players violated the "Bounty Rule" in 2009, 2010, and 2011;

(2) statements in the March 2, 2012, report to the 32 NFL Clubs that Saints defensive players pledged money toward the "Bounty Program" and targeted certain opposing players for injury;

(3) statements in the March 21, 2012, NFL press release detailing punishment imposed on the Saints and Saints personnel and implicating unnamed defensive players;

(4) statements in the March 21, 2012, memorandum to the 32 NFL Clubs concerning the reasons for the punishment of Saints personnel;

(5) statements in an April 24, 2012, interview on the NFL Network that the players were involved in a Bounty Program; and

(6) the May 2, 2012, NFL press release detailing punishment imposed on four

2

players, including Vilma. Rec. Doc. 1.

In this motion, Goodell seeks dismissal of the Complaint based on three grounds: (1) the claims are preempted under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185;[1] (2) they are barred by the mandatory, binding dispute resolution procedures of the Collective Bargaining Agreement ("CBA") with the NFL;[2]

---

[1]Section 301(a) provides:
Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

[2]Article 3, Section 2 of the CBA provides:
The NFLPA agrees that neither it nor any of its members ... nor any member of its bargaining unit, will sue, or support financially or administratively, or voluntarily provide testimony or affidavit in, any suit against the NFL or any Club with respect to any claim relating to any conduct permitted by this Agreement, or any term of this Agreement ... In addition, neither the NFLPA nor any of its members ... nor any member of its bargaining unit will sue or support financially or administratively any suit against the NFL or any Club relating to the provisions of the Constitution and Bylaws of the NFL  Rec. Doc. 23-8 at 23.

Article 43, Section 1 of the CBA provides:
Any dispute (hereinafter referred to as a "grievance") arising after the execution of this Agreement and involving the interpretation of, application of, or compliance with, any provision of this Agreement, the NFL Player Contract, the Practice Squad Player Contract, or any applicable provision of the NFL Constitution and Bylaws or NFL Rules pertaining to the terms and conditions of employment of NFL players will be resolved exclusively in accordance with the procedure set forth in this Article, except wherever another method of dispute resolution is set forth elsewhere in this Agreement. Rec. Doc. 23-8 at 203.

and (3) they are inadequately pled. Alternatively, Goodell argues that the Complaint should be struck under La. Code Civ. P. art. 971. The plaintiff opposes the motion.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED.R.CIV.P.12(b)(6). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2009), the Rule 8 pleading standard does not require "detailed factual allegations," but it does demand more than "labels and conclusions" and a "formulaic recitation of the elements of [the] cause of action." *Id*. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). If the factual allegations are insufficient to rise above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Id.* at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

When considering a Rule 12(b)(6) motion, a court must accept all reasonable

---

Article 46, Section 1 of the CBA provides:
Notwithstanding anything stated in Article 43:
(a) All disputes ... involving action taken against a player by the Commissioner for conduct detrimental to the integrity of, or public confidence in, the game of professional football, will be processed exclusively as follows: the Commissioner will promptly send written notice of his action to the player, with a copy to the NFLPA. Within three (3) business days following such written notification, the player affected thereby, or the NFLPA with the player's approval, may appeal in writing to the Commissioner. Rec. Doc. 23-8 at 220.

4

inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). A court may consider the contents of the pleadings, including attachments thereto, as well as the documents attached to the motion to dismiss that are referred to in plaintiff's complaint and are central to his claims. *Morgan v. Swanson*, 659 F.3d 359, 367 (5th Cir. 2011); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

Vilma is a New Orleans Saints football player whose terms and conditions of employment are governed by the NFL Player Contract[3] and by the CBA negotiated between the previously defined NFL and the NFL Players Association ("NFLPA"), along with the NFL Constitution and Bylaws[4] incorporated into the CBA. There is also no

---

[3]Paragraph 15 of the standard NFL Player Contract provides:
Player recognizes the detriment to the League and professional football that would result from impairment of public confidence in the honest and orderly conduct of NFL games or the integrity and good character of NFL players. Player therefor acknowledges his awareness that if he ... is guilty of any ... form of conduct reasonable judged by the League Commissioner to be detrimental to the League or professional football, the Commissioner will have the right, ... to suspend Player for a period certain or indefinitely. Rec. Doc. 23-8 at 277-78.

[4]Article VIII of the Constitution and Bylaws provides the Commissioner with authority that includes: "full, complete, and final jurisdiction and authority to arbitrate ... [a]ny dispute involving ... players ... that in the opinion of the Commissioner constitutes conduct detrimental to the best interests of the League or professional football"; "the complete authority" to suspend a player after deciding that the player "has either violated the Constitution or Bylaws of the League or has been or is guilty of conduct detrimental to the welfare of the League or professional football ..."; to "interpret and from time to time establish policy and procedure in respect to the provisions of the Constitution and Bylaws and any enforcement thereof"; and the authority to establish and exclusively control a

dispute that Goodell is sued as Commissioner of the NFL. Rec. Doc. 1 at 1.

Preliminarily, Vilma argues in his opposition that "[t]his case has nothing to do with the NFL's discipline of Vilma" because Goodell's "statements were not made within the confines of any forum or procedure created by the NFL-NFLPA CBA nor were they a part of any duties or responsibilities of the Commissioner's office." Rec. Doc. 72 at 5. Vilma maintains that Goodell is responsible for the allegedly offending statements "in his individual capacity." *Id.* The Court rejects Vilma's argument, which is contradicted by his own Complaint. Rec. Doc. 1. The Court finds that all of the allegedly offensive statements were made by Goodell as Commissioner of the NFL in conjunction with the investigation resulting in the now well-known discipline against Vilma and others associated with the Saints. *Id.* Vilma's Complaint has not been amended since the May 17, 2012, filing of this suit, although he did recently accept a revised discipline that still found he had engaged in conduct detrimental to the game of football, though it imposed no suspension or fine. Rec. Docs. 169, 170-71, 174.

**Preemption**

The defendant's argument that all of Vilma's defamation and intentional infliction

---

Public Relations Department for the League. Rec. Doc. 23-9 at 24-25.

of emotional distress claims are preempted is supported by ample Fifth Circuit caselaw. Generally, claims that require the interpretation of a collective bargaining agreement are preempted by the LMRA. *Reece v. Houston Lighting & Power Co.*, 79 F.3d 485, 487 (5th Cir. 1996); *Smith v. Houston Oilers,* 87 F.3d 717, 718-719 (5th Cir.1996); *Stafford v. True Semper Sports,* 123 F.3d 291, 296 (5th 5th Cir. 1997); *Bagby v. General Motors Corp.,* 976 F.2d 919, 921 (5th Cir. 1992); *Strachan v. Union Oil Co.,* 768 F.2d 703 (5th Cir. 1985).

Vilma argues in opposition that the state-law claims do not require an analysis of the terms of a CBA. Rec. Doc. 72 at 12. He focuses on the fact that a number of the allegedly defamatory statements were made prior to Vilma himself being formally discliplined. Rec. Doc. 72 at 17. The Court disagrees with Vilma's characterization and argument for the following reasons. Goodell's discipline, imposed first upon the nonplayer staff of the Saints and ultimately upon Vilma, was based upon the same underlying investigation into the so-called "Bountygate" allegations. Goodell's discipline, against both players and staff, resulted from that investigation, which likewise is based upon the CBA and related documents. Vilma's claims for defamation and intentional infliction of emotional distress have to be evaluated through the lens of what the CBA allows Goodell to do. *Reece*, 79 F.3d at 487-88.

A defamation claim cannot survive a motion to dismiss when it arises out of an

7

arbitration involving discipline. *Bagby v. General Motors Corp.*, 976 F.2d 919, 921 (5th Cir. 1992); *Weber v. Lockheed Martin Corp.*, 2001 WL 274518, at *7 (E.D. La. 2001) (noting that defamation claims are typically preempted when the claim is about the employee's conduct in a disciplinary action under a collective bargaining agreement or when the alleged conduct occurred in the context of an arbitration proceeding). Vilma relies on cases in which non-defamation claims were not preempted. *Wells v. General Motors Corp.*, 881 F.2d 166, 173 (5th Cir. 1989) (claims for verbal fraudulent inducement, independent of the CBA ); *Jones v. Roadway Express, Inc.*, 931 F.2d 1086 (5th Cir. 1991) (retaliatory discharge claim did not require an interpretation of the CBA). The Fifth Circuit in *Bagby* noted that those cases were inapplicable and unpersuasive. *Bagby*, 976 F.2d at 921, note 7.

Here, even according to the plaintiff's own Complaint, the defamation claims are directly related to Goodell's decision to suspend, that is, discipline Vilma, pursuant to the CBA arbitration procedure. Moreover, the defamation claims and the claim for intentional infliction of emotional distress would require interpretation of multiple portions of the CBA, not just the non-suit provision in CBA Art. 3, section 2, as Vilma contends. As set forth hereinabove, for example, the CBA authorizes Goodell to suspend a player for what he considers "conduct detrimental" and also authorizes him to

8

investigate actions that he suspects constitute "conduct detrimental." Vilma's argument that the statements were made in Goodell's individual capacity is unpersuasive as Goodell was sued as Commissioner of the NFL and all of the statements attributed to Goodell were made in connection with the NFL's investigation of the pay-per-performance/bounty allegations. Therefore, Vilma's claims are preempted and must be dismissed.

**Sufficiency under Rule 12(b)(6)**

In addition, the Court finds that all of Vilma's claims fail to meet the 12(b)(6) standard because assertions of malice and of outrageous conduct are insufficient conclusory allegations. In the Complaint, Vilma alleges per se slander and libel on the ground that the statements injured his professional reputation, or because they accused Vilma of criminal conduct. For all defamation claims, including the non-*per se* claims, Vilma makes the conclusory statement that the Goodell's statements "were made with reckless disregard of their truth or falsity and/or with malice." Rec. Doc. 1 at ¶¶ 48, 54, 60, 66, 72, 78, 84, 90, 96, 102. The only facts he alleges in support are some version of the following: "Goodell had no reasonable grounds for believing the truth of his Statements. Goodell relied on, at best, hearsay, circumstantial evidence and lies in making the

9

Statements." *Id.* at ¶¶ 67, 73, 97, 103.

As for the intentional infliction of emotional distress claim, Vilma makes the conclusory statement that "Goodell's Statements and conduct were extreme and outrageous." *Id.* at ¶106. He makes no further allegation in support.

As a public figure, Vilma has the burden of showing that Goodell made the statements with "actual malice" under both Louisiana and New York law. *Starr v. Boudreaux*, 978 So. 2d 384, 390 (La. Ct. App. 2007); *People ex rel. Spitzer v. Grasso*, 801 N.Y.S.2d 584, 586 (N.Y. App. Div. 2005). Vilma alleges that the suspension and the appeal were so procedurally flawed that no reasonable person could have believed the statements were true. However, the statements themselves indicate that they were based on an extensive investigation. *See Young v. Meyer*, 527 So. 2d 391 (La. App. 4 Cir. 1988) (ruling for defendant where alleged defamatory statements were made after investigation of the information prior to publication). While the Court is extremely disturbed by the fundamental lack of due process in Goodell's denying the players the identities of and the right to confront their accusers, that was substantially rectified later in the process. So while the process was initially procedurally flawed, the statements were ultimately found to have enough support to defeat the defamation claims.

As for Vilma's claim for intentional infliction of emotional distress, the Fifth

Circuit has affirmed dismissal of such a claim where the complaint only made a "bare assertion" of outrageous conduct. *Stallworth v. Singing River Health Sys.*, 2012 WL 1192816, at *2 (5th Cir. 2012). The conduct must be so "egregious as to shock the conscience." *Jones v. Trump*, 971 F. Supp. 783, 787-788 (S.D.N.Y. 1997). Here, the claim must fail because, unlike the defamation claims, Vilma does not even allege facts beyond the conclusory statement that Goodell's conduct was "extreme and outrageous." Rec. Doc. 1 at ¶ 106.

Even though this matter has been pending only since May of this year, it feels as protracted and painful as the Saints season itself, and calls for closure. The Court nonetheless believes that had this matter been handled in a less heavy handed way, with greater fairness toward the players and the pressures they face, this litigation and the related cases would not have been necessary.

Accordingly,

IT IS ORDERED that the motion to dismiss pursuant to Rule 12(b)(6) filed by Roger Goodell is GRANTED. Rec. Doc. 23.

New Orleans, Louisiana, this 17th day of January, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE